UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MED-PLUS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN CASUALTY CO. OF READING, PA, d/b/a CNA, <br><br> Defendant. | Civil Action No. 16-CV-2985 <br><br> COMPLAINT AND JURY DEMAND <br><br> ECF CASE |

Plaintiff, Med-Plus, Inc. (hereinafter "Med-Plus" or "Plaintiff"), by its attorneys, STERN & SCHURIN, LLP, as and for its Complaint against Defendant, American Casualty Co. of Reading, PA doing business as CNA (hereinafter "CNA" or "Defendant"), alleges as follows:

## NATURE OF ACTION

1. This is an action for breach of an insurance contract between Med-Plus and CNA, and for declaratory relief.

2. By this action, Plaintiff seeks compensation for the total reasonable defense costs it has incurred, and will continue to incur, in connection with claims asserted against it by Abbott Laboratories ("Abbott") in a matter pending in the United States District Court for the Eastern District of New York entitled *Abbott Laboratories et al. v. Adelphia Supply USA et al.* 15-CV-5826 (CBA)(MDG) (the "Underlying Action"). This action is necessary since CNA has acknowledged that the Underlying Action asserts a covered claim, but has only agreed to pay a portion of Plaintiff's defense costs. Med-Plus also seeks a declaration that CNA be required to

provide a complete defense to Med-Plus going forward in the Underlying Action and that CNA fully indemnify Med-Plus from any covered damages.

## JURISDICTION AND VENUE

3. This action seeks relief by reason of CNA's prior and ongoing refusal to provide a complete defense to Med-Plus in accordance with its obligations under its insurance contract and applicable law.

4. This Court has general personal jurisdiction over CNA because CNA conducts extensive business in the State of New York.

5. This Court has subject matter jurisdiction in this action through diversity of the parties under 28 U.S.C. § 1332. The sum in controversy exceeds $150,000, exclusive of interest and costs.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because CNA resides in this judicial district.

## PARTIES

7. Med-Plus, Inc. is a corporation organized and existing under the laws of the State of New Jersey with a principal place of business located at 39 Mayfield Avenue, Edison, New Jersey 08837.

8. Med-Plus is a named insured on an insurance policy issued by CNA that is the subject of this Complaint.

9. Med-Plus conducts its business in the medical supply industry and does business throughout the United States.

10. Upon information and belief, CNA has a principal place of business located at 333 S. Wabash Avenue, Chicago, Illinois 60604.

11. Upon information and belief, CNA possesses a number of offices located throughout the United States, including an office within this judicial district in Melville, New York 11747.

12. Upon information and belief, CNA is a company engaged in providing commercial, property, and liability insurance.

13. Upon information and belief, CNA sells its insurance products and services in this judicial district and throughout the United States.

## FACTS COMMON TO ALL CLAIMS

14. In 2014, Med-Plus secured and maintained a policy of commercial general liability insurance ("CGL Policy") from CNA. With regard thereto, CNA issued the CGL Policy, identified as Policy No. 2090996143, to Med-Plus for a policy period from December 8, 2014 through December 8, 2015. Attached hereto as **Exhibit A** is a true copy of the CNA CGL Policy.

15. The policy premium on the CGL Policy was a substantial sum of money, which was paid by Med-Plus. Med-Plus has met every condition required by the CGL Policy. As a result, said CGL Policy remains in full force and effect..

16. The CGL Policy issued by CNA includes coverage for "Personal and Advertising Injury" among its terms. The definition of "Personal and Advertising Injury" includes, among other definitions injury arising out of one or more of the following offenses:

f. The use of another's advertising idea in your "advertisement", or

g. Infringing upon another's copyright, trade dress or slogan in your "advertisement."

17. The CGL Policy broadly defines "Advertisement" as

3

…a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters.  For the purposes of this definition

a. Notices that are published include material placed on the Internet or on similar electronic means of communication; and

b. Regarding websites, only that part of a website that is about your goods or services for the purposes of attracting customers or supporters is considered an advertisement.

18. The CGL Policy states that the following exclusion to coverage may apply to bar coverage under the Policy:

**c. "Personal and advertising injury" Exclusions**

"Personal and advertising injury": …

**(13)** Arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights…

19. However, the CGL Policy also provides that the above-mentioned exclusion "…does not apply to infringement, in your 'advertisement,' of copyright, trade dress or slogan…"

20. Based on the language of the exclusion, the exclusion does not apply to bar a defense or coverage to Plaintiff.  Indeed, none of the exclusions stated in the policy preclude CNA from being obligated to provide a defense and coverage to Plaintiff in the Underlying Action, and as noted in the following section, CNA agrees that the Underlying Action asserts a covered claim.

**THE CLAIMS AND UNDERLYING ACTION THAT GIVE RISE TO CNA'S DUTY TO FULLY DEFEND AND INDEMNIFY PLAINTIFF**

21. On November 20, 2015, Abbott commenced the Underlying Action by filing a Complaint against Med-Plus and others.

4

22. The original complaint asserted various claims including trademark infringement, and fraud based on a single set of facts pertaining to Abbott FreeStyle test strips. This complaint was tendered to CNA, and CNA refused to provide any defense to Med-Plus on the grounds that the Underlying Action failed to allege or constitute a "personal and advertising injury."

23. However, on March 28, 2016, Abbott filed a Second Amended Complaint ("SAC") against Med-Plus. In its SAC, Abbott asserted several new legal claims based on essentially the same set of operative facts, including trade dress claims covered under the CGL Policy. Med-Plus shortly thereafter tendered the SAC to CNA.

24. In response to the SAC, CNA changed its position and agreed with Med-Plus that it was obliged to provide a defense to its insured.

25. However, although CNA admitted that it has an obligation to defend Med-Plus, CNA still attempts to limit said obligation by only agreeing to pay for a fixed percentage of the defense costs. CNA's conclusions regarding its duty to defend the insured have been unreasonable and contrary to the facts of the SAC in the Underlying Action and well-settled law.

26. This is especially so since every cause of action asserted in the SAC relates back to a singular set of facts, and the associated defense costs cannot be reasonably apportioned.

## COUNT I
## BREACH OF CONTRACT

27. Med-Plus repeats and realleges all of the preceding paragraphs as if fully set forth herein.

28. This is a cause of action for breach of contract.

29. Pursuant to the terms of the CGL Policy at issue herein, CNA is obligated to provide a complete defense to Med-Plus.

30. In fact, CNA agreed to provide a defense to Med-Plus under a reservation of rights.

31. Nevertheless, despite several attempts, CNA has improperly refused to provide a complete defense to Med-Plus in the Underlying Action as is required under its insurance contract and applicable law.

32. As a result, CNA has breached the terms of the CGL insurance policy at issue herein.

33. As a result of CNA's breach, Med-Plus has suffered, and will continue to suffer, damages in an amount in excess of one hundred and fifty thousand dollars ($150,000).

## COUNT II
## DECLARATORY JUDGMENT

34. Med-Plus repeats and realleges all of the preceding paragraphs as if fully set forth herein.

35. An actual controversy has arisen and now exists between Med-Plus and CNA concerning whether CNA has a duty to provide a complete defense to Med-Plus in the Underlying Action.

36. By virtue of the foregoing, Med-Plus desires a judicial determination concerning this issue.

37. A judicial determination is necessary and appropriate at this time so that the parties may proceed in accordance with their respective obligations and rights as determined by the Court.

**WHEREFORE**, Med-Plus prays for judgment against CNA as follows:

A. With respect Count I, for damages in an amount to be proven at trial;

B. With respect to Count II for a judgment declaring that CNA has an obligation to provide a complete defense, and to indemnify Med-Plus in the Underlying Action;

C. With respect to Counts I and II, for pre-judgment interest on all awards of damages; and

D. For such other and further relief as the Court may deem just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

                    Respectfully submitted,
                    **STERN & SCHURIN LLP**

By: _/s/ Steven Stern_

Steven Stern (SS 5203)
  sstern@sternschurin.com
Richard Schurin (RS 0199)
  rschurin@sternschurin.com
Wayne M. Cox (WC 5661)
  wcox@sternschurin.com
595 Stewart Avenue, Suite 710
Garden City, NY 11530
Telephone: (516) 248-0300
Facsimile: (516) 283-0277

*Attorneys for Plaintiff*

Dated:  June 9, 2016
         Garden City, New York